IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01583-PAB-NYW

CHATEAU VILLAGE NORTH CONDOMINIUM ASSOCIATION,
a Colorado corporation,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
a Wisconsin corporation,

    Defendant.

---

# ORDER

---

    This matter is before the Court on Plaintiff's Motion to Remand [Docket No. 17] filed by plaintiff Chateau Village North Condominium Association.

    Plaintiff is responsible for the operation, maintenance, preservation, and control of the Chateau Village North Condominiums in Boulder, Colorado. Docket No. 3 at 2, ¶ 4. Plaintiff purchased a commercial property and liability insurance policy (the "policy") from defendant, which became effective on February 1, 2013. *Id.* at 2, ¶ 6. The policy also included a "Condominium Association Coverage Endorsement" and a "Condominium Enhancement Endorsement." *Id.* at 2, ¶ 7. The total premium for the one-year policy was $10,094. *Id.* at 2, ¶ 6. On September 12, 2013, the complex buildings sustained water damage, which plaintiff claims was due to sewer line backups. *Id.* at 2, ¶ 8. Plaintiff made a claim under the policy, after which defendant inspected the damage and denied the claim. *Id.* at 2-3, ¶¶ 9-15.

On March 3, 2014, plaintiff filed this action in the District Court of Boulder County, Colorado. *Id.* at 1. Plaintiff brings claims against defendant for breach of contract, bad faith breach of insurance contract, and a claim for unreasonably delaying or denying payment of a claim for benefits pursuant to Colo. Rev. Stat. § 10-3-1115 and § 10-3-1116. *Id.* at 3-5. On March 11, 2014, defendant was served with the complaint and civil cover sheet. Docket No. 1-3. On May 6, 2014, plaintiff served its initial disclosures under Colo. R. Civ. P. 26(a)(1), which stated that plaintiff spent more than $344,000 to repair water damage to the complex. Docket No. 1-15 at 4. On June 4, 2014, defendant filed a notice of removal, asserting subject matter jurisdiction based upon 28 U.S.C. § 1332. Docket No. 1 at 2.

On July 7, 2014, plaintiff filed the present motion,[1] arguing that, because defendant knew or should have known that the case was removable when the complaint was served, defendant's notice of removal is untimely. Docket No. 17 at 3. Defendant argues that it was not provided with sufficient information to determine the amount in controversy until it received plaintiff's initial disclosures and, as such, that the notice of removal was timely. Docket No. 23 at 3.

"The failure to comply with the[] express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)). The procedures for removal are governed by 28 U.S.C. § 1446, which contemplates two thirty-day periods in which a

---

[1] Plaintiff's motion is timely pursuant to Fed. R. Civ. P. 6(a)(1)(C) and 28 U.S.C. § 1447(c).

defendant can remove a case. The first thirty-day period is triggered if the case is removable on the face of the initial pleading. *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (describing § 1446). If the initial pleading does not indicate that the case is removable, a second thirty-day period is triggered upon defendant's receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained" that the case is removable. 28 U.S.C. § 1446(b)(3). Where a defendant seeks to remove on the basis of diversity jurisdiction, "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A). Here, defendant contends that it was not required to remove this case based upon the initial pleading and is therefore entitled to a second thirty-day period triggered by plaintiff's Colo. R. Civ. P. 26(a)(1) disclosures, an "other paper" which allowed defendants to ascertain removability. Docket No. 23 at 2.

The Court turns to the issue of whether the thirty-day period was triggered by the complaint. In order for the first thirty-day period to run, the Tenth Circuit requires that a defendant have "clear and unequivocal notice from the pleading itself." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). The notice provided by the initial pleading "'should not be ambiguous' or one which 'requires an extensive investigation to determine the truth.'" *Akin*, 156 F.3d at 1035 (quoting *DeBry*, 601 F.2d at 489). The key to determining when the clock begins to run is whether defendant is able to

"intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts." *DeBry*, 601 F.2d at 489. Defendants have no duty to "investigate and determine removability where the initial pleading indicates that the right to remove *may* exist." *Akin*, 156 F.3d at 1036 (emphasis in original).

Diversity of citizenship is apparent from plaintiff's complaint. Thus, the lone issue is whether the complaint provides clear and unequivocal notice that the amount in controversy exceeds $75,000. Pursuant to Colo. R. Civ. P. 8(a), plaintiff's complaint does not request a specific dollar amount, but clearly states that plaintiff seeks compensation for loss of rental income and damage to real and personal property resulting from water damage. Docket No. 3 at 5. However, plaintiff does not include any indication of how many tenants were displaced, for how long, or the applicable rental rate. Plaintiff alleges that "the buildings (including the Clubhouse) comprising the Chateau Village North Condominiums, and covered personal property located with these same buildings, sustained significant damages due, in whole or in part, to numerous sewer line back-ups on the premises." *Id.* at 2, ¶ 8. However, the complaint does not affirmatively indicate the degree of repair required or allege any facts upon which to determine the value of the damaged personal property. The complaint's allegations that plaintiff's losses are covered by the policy and that defendant's denial of plaintiff's claim caused "substantial and continuing damages and injuries" is similarly insufficient to clearly indicate that the amount in controversy threshold is exceeded. *Id.* at 3, ¶ 18-19. Notably, the complaint is silent as to the policy limit and the allegation that the total policy premium was $10,094 does not clearly and unequivocally demonstrate the policy limit or extent of defendant's potential liability.

Plaintiff additionally brings a claim under Colo. Rev. Stat. § 10-3-1115 and § 10-3-1116, which exposes defendant to liability for an additional penalty of two times the covered benefit, plus attorneys' fees.  *See Etherton v. Owners Insurance Company*, No. 10-cv-00892 -PAB-KLM, 2013 WL 5443068, at *3 (D. Colo. Sep. 30, 2013) (interpreting § 10-3-1116 as allowing for recovery of two times the covered benefit in addition to breach of contract damages); *Hansen v. Am. Family Mut. Ins. Co.*, 2013 WL 6673066, at *3 (Colo. App. Dec. 19, 2013) (unpublished) (same).  However, without sufficient factual allegations upon which to clearly determine the extent of the covered benefit, such claims do no more than suggest that the right to remove may exist.  *See Akin*, 156 F.3d at 1036.  The Court finds that the initial pleading in this case did not contain clear and unequivocal notice of removability.

Plaintiff argues that, because defendant's adjusters inspected the property, defendant knew, upon the filing of the complaint, that the amount in controversy exceeded $75,000.  Docket No. 17 at 7-8.  However, the Tenth Circuit has never indicated that a defendant's subjective knowledge triggers the obligation to remove and has flatly rejected any requirement that defendant investigate removability.  *See Akin*, 156 F.3d at 1036; *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1297 (D.N.M. 2011) (rejecting argument that "defendants should have relied on a variety of evidence outside the pleadings, including what the defendants should have known").[2]

---

[2]To the extent plaintiff argues that the inspection reports prepared by defendant's adjusters constitute "other paper," the Tenth Circuit has not yet decided whether documents provided to defendant prior to the filing of the complaint constitute "other paper."  *Compare Krueger v. Kissinger*, No. 14-cv-00343-LTB, 2014 WL 1515612, at *5 (D. Colo. April 18, 2014) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) (finding that documents provided to defendant prior to the filing of the

Plaintiff also cites *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008), in support of its argument that supplementary information in defendant's possession "may also be used to establish the jurisdictional amount." Docket No. 17 at 4; Docket No. 30 at 3. *McPhail*, however, addresses the manner in which a defendant may establish the jurisdictional facts necessary to remove and does not address when a defendant must remove under § 1446(b).[3] *See Zamora*, 831 F. Supp. 2d at 1297 ("*Akin* . . . deals with the standard addressing when a defendant must remove a case, while *McPhail* . . . deals with the standard addressing when a defendant may remove and establish subject-matter jurisdiction"); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (differentiating between notice necessary for triggering § 1446(b) time period and burden removing defendant must satisfy in order to show, based upon the complaint, the allegations and standard a removing defendant must meet to show that diversity jurisdiction is satisfied).

Defendant appears to argue that the clock starts only upon a direct and unequivocal statement that the amount sought exceeds $75,000. Docket No. 23 at 5.

---

complaint "do not constitute 'other paper' because they were issued before the complaint was filed"), *with Archer v. Kelly*, 271 F. Supp. 2d 1320, 1324 (N.D. Okla. 2003) ("a pre-suit demand letter may be considered an 'other paper" from which defendants can determine the amount in controversy under 28 U.S.C. § 1446(b)").

[3]Plaintiff argues that the Civil Cover Sheet should be considered in determining whether the complaint itself contained clear and unequivocal notice of removability. Docket No. 30 at 2. However, the cases plaintiff cites in support of its argument discuss how a defendant may establish the necessary jurisdictional facts, which, as discussed above, is not an issue raised by the present motion. *See, e.g.*, *id.* (citing *Asbury v. Am. Family Mut. Ins. Co.*, No. 08-cv-01522-REB-CBS, 2009 WL 310479, at *1-*2 (D. Colo. Feb. 9, 2009) (concluding that defendant seeking to remove cannot rely primarily on Civil Cover Sheet to establish that the amount in controversy requirement is satisfied).

Although other circuits have adopted a bright line rule requiring an affirmative statement, the Tenth Circuit has not indicated an intention to depart from the rule articulated in *DeBry* and *Akin*.[4] Similarly, defendant's argument that it had insufficient

---

[4]The Second, Fifth, Seventh, and Eighth Circuits have adopted bright line rules, requiring an initial pleading to provide affirmative allegations that the jurisdictional threshold is met. *See Cutrone v. Mortgage Elec. Reg. Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014) ("the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought" (quotations omitted)); *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (setting forth "bright line rule requiring the plaintiff, if he wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount"); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013) ("The 30-day removal clock does not begin to run until the defendant receives a pleading . . . specifically disclos[ing] the amount of monetary damages sought."); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000) ("We find the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount."). The Fourth and Ninth Circuits take an approach more consistent with *Akin*, declining to adopt a bright line rule, but rejecting the notion that courts must inquire into a defendant's subjective knowledge. *See Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 163 (4th Cir. 1997) (holding that grounds for removal must be apparent from four corners of complaint); *Kuxhausen*, 707 F.3d at 1140 (holding that four corners of the initial pleading must affirmatively reveal that the amount in controversy is exceeded, yet defendants are required to "apply a reasonable amount of intelligence in ascertaining removability" (quotations omitted)). The Tenth Circuit has not revisited *Akin* or otherwise suggested that it would adopt a more stringent rule. *See Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (unpublished) (citing *Akin* for proposition that initial pleading must contain unequivocal notice of the right to remove in order to trigger thirty-day period under § 1446(b)); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (citing *DeBry*). Moreover, where, as here, state court plaintiffs cannot state a dollar amount in a "prayer or demand for relief," *see, e.g.*, Colo. R. Civ. P. 8(a), adopting a bright line rule would make it impossible for plaintiffs to start the clock by filing an initial pleading but permit defendants to delay otherwise removable cases without consequence. *See Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1216 (D.N.M. 2012) (discussing difficulties of adopting bright line rule in states where plaintiffs are prohibited from including in the complaint a demand for a specific dollar amount). However, the Court need not decide whether the Tenth Circuit would adopt a stricter standard because, under either approach, plaintiff's complaint does not trigger the first thirty-day period under § 1446.

7

information upon which to remove this case is incredible.  Plaintiff sought to recover for damage to multiple buildings in a condominium complex, damage to personal property within the buildings, and lost rental income.  Docket No. 3 at 2, 5, ¶ 8.  The complaint does not contain the policy limit which might otherwise indicate the full extent of defendant's potential liability, but, because the premium for a year of coverage was $10,094, it is logical to assume that the policy limit exceeded the premium multiple times over.  More importantly, plaintiff brought a claim for unreasonable delay or denial, exposing defendant to liability for an additional penalty of two times the covered benefit, plus attorneys' fees.  *See Etherton*, 2013 WL 5443068, at *3; *Hansen*, 2013 WL 6673066, at *3.  It is difficult to imagine a set of facts where the covered benefit contemplated by the limited allegations in the complaint would be less than $25,000, which, even assuming a $25,000 covered benefit, places the amount in controversy at $75,000 without accounting for an award of attorney's fees.  *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount").  However, although defendant's argument that it could not remove the case based upon the complaint is unpersuasive, it is not relevant to the question of whether defendant was required to remove the case.[5]  *Cf. Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1215-16 (D.N.M. 2012) (remanding case for untimely notice of removal and distinguishing cases "where the defendant believed that the case was unremovable and where later information established removability").

---

[5]To that end, the Court notes that the this case presents a close question, which is dependent on the specific allegations in plaintiff's complaint.

8

Because the complaint did not contain sufficient allegations to trigger the first thirty-day period contemplated by § 1446(b)(1), the Court finds that defendant was entitled to a second thirty-day period triggered by plaintiff's service of Colo. R. Civ. P. 26(a)(1) disclosures, which clearly and unequivocally indicated that the amount in controversy exceeded $75,000.  Defendant filed a notice of removal within thirty days after service of plaintiff's initial disclosures.  Defendant's notice of removal was therefore timely and the Court is otherwise satisfied that the requirements of § 1332 are met.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Remand [Docket No. 17] is **DENIED**.

DATED March 9, 2015.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge