# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-01583-PAB-NYW

CHATEAU VILLAGE NORTH CONDOMINIUM ASSOCIATION,
a Colorado corporation,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
a Wisconsin corporation,

      Defendant.

---

## STIPULATED JURY INSTRUCTIONS

---

      Plaintiff Chateau Village North Condominium Association, by and through its counsel,

**LEVIN SITCOFF PC**, hereby submit the following Stipulated Jury Instructions:

**INSTRUCTION NO.**

**(Stipulated Instruction No. 1)**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who brings the lawsuit is called the plaintiff.  In this action, the plaintiff is Chateau Village North Homeowners Association. The party being sued is called the defendant. In this action, the defendant is American Family Mutual Insurance Company.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason.

When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time to time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.

You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold on objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the ease favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during

these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

FJPI-Civ 5th 101.01

**INSTRUCTION NO.**

**(Stipulated Instruction No. 2)**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of the plaintiff's claims and the defendant's lawyer may cross examine the witnesses. At the conclusion of the plaintiff's case, the defendant may introduce evidence and the plaintiff's lawyer may cross examine the witnesses. If the defendant introduces evidence, the plaintiff may present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

FJPI-Civ 5th 101.02

**INSTRUCTION NO.**

**(Stipulated Instruction No. 3)**


After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.


FJPI-Civ 5th 101.10

**INSTRUCTION NO.**

**(Stipulated INSTRUCTION NO.4)**

To insure fairness, you must obey the following rules:

1.       Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you get to the jury room to decide on your verdict.

2.       Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell people you are a juror, but do not tell them anything else about the case.

3.       Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended. If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.       During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.       Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.       Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.      Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.      If you need to tell me something, simply give a signed note to the bailiff to give to me.

FJPI-Civ 5th 101.11

## INSTRUCTION NO.

## (Stipulated Instruction No. 5)

The evidence in the case will consist of the following:

1.      The sworn testimony of the witnesses, no matter who called a witness.

2.      All exhibits received in evidence, regardless of who may have produced the exhibits.

3.      All facts that may have been judicially noticed and that you must take as true for purposes of this case. Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. In some cases, a deposition may be played for you on videotape. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proven, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

FJPI Civ 5th 101.40

**INSTRUCTION NO.**

**(Stipulated Instruction No. 6)**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness, you may take into account many factors, including the witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of all the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

FJPI-Civ 5th 101.43

**INSTRUCTION NO.**

**(Stipulated Instruction No. 7)**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of the lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

FJPI-Civ 5th 101.44

**INSTRUCTION NO.**

**(Stipulated Instruction No. 8)**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

FJPI-Civ 5th 101.49

**INSTRUCTION NO.**

**(Stipulated Instruction No. 9)**

We are about to take our first recess. I want to remind you of the instructions I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including other jurors, members of your family, people involved in the trial, or anyone else. You may not permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Do not read or listen to any news reports of the trial. If a newspaper headline or news broadcast catches your attention, do not examine the article or watch or listen to the broadcast any further. The person who wrote or is reporting the story may not have listened to all the testimony, may be getting information from persons whom you will not see here in court under oath and subject to cross examination. The report may emphasize an unimportant point or may simply be wrong. You must base your verdict solely and exclusively on the evidence received in court during the trial.

Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

FJPI-Civ 5th 102.01

**INSTRUCTION NO.**

**(Stipulated Instruction No. 10)**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

FJPI-Civ 5th 103.01

**INSTRUCTION NO.**

**(Stipulated Instruction No. 11)**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations, stand equal before law, and are to be treated as equals.

FJPI-Civ 5th 103.12

**INSTRUCTION NO.**

**(Stipulated Instruction No. 12)**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to. Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses.

What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

FJPI-Civ 5th 103.30

**INSTRUCTION NO.**

**(Stipulated Instruction No. 13)**

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

FJPI-Civ 5th 103.31

# INSTRUCTION NO.

## (Stipulated Instruction No. 14)

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussion and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement. Each of you must make your own conscientious decision, by only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone including me how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

FJPI-Civ 5th 103.50

**INSTRUCTION NO.**

**(Stipulated Instruction No. 15)**

Generally speaking, there are two types of evidence that are generally presented during a trial-direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

FJPI-Civ 5th 104.05

**INSTRUCTION NO.**

**(Stipulated Instruction No. 16)**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

FJPI-Civ 5th 104.20

**INSTRUCTION NO.**

**(Stipulated Instruction No. 17)**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

FJPI-Civ 5th 104.40

## INSTRUCTION NO.

### (Stipulated Instruction No. 18)

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

FJPI-Civ 5th 105.01

**INSTRUCTION NO.**

**(Stipulated Instruction No. 19)**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

FJPI-Civ 5th 105.02

**INSTRUCTION NO.**

**(Stipulated Instruction No. 20)**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

FJPI-Civ 5th 105.04

**INSTRUCTION NO.**

**(Stipulated Instruction No. 21)**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

FJPI-Civ 5th 106.01

**INSTRUCTION NO.**

**(Stipulated Instruction No. 22)**

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case.

Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

FJPI-Civ 5th 106.02

**INSTRUCTION NO.**

**(Stipulated Instruction No. 23)**

Upon retiring to the jury room, you will select one of your number to act as your foreperson.

The foreperson will preside over your deliberations, and will be your spokesperson here in court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room.

FJPI-Civ 5th 106.05

**INSTRUCTION NO.**

**(Stipulated Instruction No. 24)**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

FJPI-Civ 5th 106.07

**INSTRUCTION NO.**

**(Stipulated Instruction No. 25)**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person not even to me how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

FJPI-Civ 5th 106.08

**INSTRUCTION NO.**

**(Stipulated Instruction No. 26)**

Any finding of fact you make must be based on probabilities, not possibilities. You should

not guess or speculate about a fact.

CJI-Civ.4th 3:4

**INSTRUCTION NO.**

**(Stipulated Instruction No. 27)**

1.      The plaintiff has the burden of proving its claims by a preponderance of the evidence.

2.      The defendant has the burden of proving each of its affirmative defenses by a preponderance of the evidence.

3.      To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not.

4.      "Burden of proof" means the obligation a party has to prove his or its claims or defenses by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you.

5.      If a party fails to meet his or its burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim or defense.


CJI-Civ. 3:1; 3:3

**INSTRUCTION NO.**

**(Stipulated Instruction No. 28)**

The lawyers have highlighted certain parts of some exhibits. However, it is for you to determine the significance of the highlighted parts.


CJI-Civ. 3:18

**INSTRUCTION NO.**

**(Stipulated Instruction No. 29)**

For the plaintiff, Chateau Village, to recover from the defendant, American Family, on its claim of unreasonable denial of or delay in payment of benefits, you must find all the following have been proved by a preponderance of the evidence:

1.     The defendant denied or delayed payment of benefits to the plaintiff; and

2.     The defendant's denial or delay of payment was without a reasonable basis.

If you find that either of these statements has not been proved, then your verdict must be for the defendant on this claim.

On the other hand, if you find that both of these statements have been proved, then your verdict must be for the plaintiff on this claim.

CJI-Civ. 25:4

**INSTRUCTION NO.**

**(Stipulated Instruction No. 30)**


Plaintiff, Chateau Village, has the burden of proving, by a preponderance of the evidence, the extent of its damages. If you find in favor of the plaintiff on its claim under Instruction No. ___ [unreasonable delay/denial of benefits], you must determine the total dollar amount of the covered benefits for which payment was delayed or denied without a reasonable basis.


CJI-Civ. 25:10

**INSTRUCTION NO.**

**(Stipulated Instruction No. 31)**

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

CJI Civ. 5:1, 5:6 (CLE Ed. 2012)

**INSTRUCTION NO.**

**(Stipulated Instruction No. .32)**

You must find that a person knew a fact, if that person had information that would have led a

reasonable person to inquire further and that inquiry would have revealed that fact.

CJI Civ. 3:7 (CLE Ed. 2012)

**INSTRUCTION NO.**

**(Stipulated Instruction No. 33)**

The word "cause" as used in these instructions means an act or failure to act which in natural and probable sequence produced the claimed damages or losses. It is a cause without which the claimed damages or losses would not have happened.

If more than one act or failure to act contributed to the claimed damages or losses, then each act or failure to act may have been a cause. A cause does not have to be the only cause or the last or nearest cause. It is enough if the act or failure to act joins in a natural and probable way with some other act or failure to act to cause some or all of the claimed damages or losses.

CJI-Civ. 9:20 (CLE Ed. 2012)

**INSTRUCTION NO.**

**(Stipulated Instruction No. 34)**


Plaintiff, Chateau Village, has the burden of proving, by a preponderance of the evidence, the nature and extent of its damages. If you find in favor of the plaintiff, you must determine the total dollar amount of plaintiff's damages, if any, that were caused by the bad faith breach of insurance contract by the defendant, American Family.

In determining these damages, you shall consider the following:

1.      Any economic losses that plaintiff has had or will probably have in the future, including the reasonable costs of the repair of property damage that is covered by the insurance contract.

CJI-Civ 25:9

**INSTRUCTION NO.**

**(Stipulated Instruction No. 35)**


"Unreasonable position" means a position taken by an insurance company with respect to a claim being made on one of its policies that a reasonably careful insurance company would not take under the same or similar circumstances.

CJI-Civ 25:3

**INSTRUCTION NO.**

**(Stipulated Instruction No. 36)**


An insurance company recklessly disregards the unreasonableness of its position when it takes a position with knowledge of facts that indicate that its position lacks a reasonable basis or when it is deliberately indifferent to information concerning the claim.

CJI-Civ 25:7

# INSTRUCTION NO.

## (Stipulated Instruction No. 37)

The Court will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law to the facts as you find them to be.

The parties to this case are Chateau Village North Condominium Association, the plaintiff, and American Family Mutual Insurance Company, the defendant.

Chateau Village North is a condominium complex in Boulder, Colorado that consists of several residential structures and a clubhouse. Each of the residential structures has four or more garden level condominium units. Three of them, and the clubhouse, were damaged during the September 2013 storm event in the Denver Metropolitan area that involved historic levels of rainfall. The plaintiff claims that the sewer line servicing the Chateau Village complex "surcharged" during the event, causing raw sewage to back up into Buildings B, C, D, and the clubhouse. The Plaintiff claims that remediation, repair, and reconstruction work was required in those Buildings. The common areas of Chateau Village were insured at the time under a policy issued by American Family. Chateau Village submitted a claim for the damage under the policy, which American Family denied. Thereafter, Chateau Village brought this lawsuit and contends that American Family breached the contract by denying that it had an obligation pay for the damages to the property, that American Family's denial lacked a reasonable basis, and that American Family's denial of the claim was in bad faith.

American Family denies that the plaintiff's claimed damages are covered by the insurance policy. American Family asserts that when surface water and groundwater either directly, or in combination with discharges from sewer pipes, caused the plaintiffs' property damages, this damage is not covered by the insurance policy. Because American Family alleges this is what damaged the plaintiff's property, it did not breach the insurance contract when it did not pay the plaintiff for the property damage. American Family denies that it unreasonably delayed or denied the payment of any insurance benefits owed under the insurance contract. American Family also denies that it acted in bad faith because it did not pay plaintiff for the property damage.

These are the issues you are to decide.

CJI-Civ. 2:1

**INSTRUCTION NO.**

**(Stipulated Instruction No. 38)**


The plaintiff, Chateau Village, has sued for the same damages on three different claims for relief.  The claims for relief on which the plaintiff has sued and on which you have been instructed are: breach of contract, unreasonable delay and denial, and bad faith breach of contract.

If you find for the plaintiff on more than one claim for relief, you may award it damages only once for the same damages.

CJI-Civ 6:14

**INSTRUCTION NO.**

**(Stipulated Instruction No. 40)**


If you find in favor of the plaintiff, Chateau Village, you shall award as it actual damages

for the reasonable cost of repairing any property damage covered by the insurance contract.


CJI-Civ 6:12 (Modified)

**INSTRUCTION NO.**

**(Stipulated Instruction No. 41)**


You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

CJI-Civ 3:15

Dated this 6th day of April, 2016.

Respectfully submitted,

**LEVIN SITCOFF PC**

*s/ Kerri J. Atencio*
Kerri J. Atencio
Timothy M. Garvey
1512 Larimer Street, Suite 650
Denver, CO 80202
Phone: (303) 575-9390
Fax: (303) 575-9385
kja@levinsitcoff.com
tmg@levinsitcoff.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2016, a true and correct copy of the foregoing **STIPULATED JURY INSTRUCTIONS** was served electronically via CM/ECF to the following:

Colin C. Campbell
Michael O. Frazier
Joel A. Richardson
CAMPBELL LATIOLAIS & AVERBACH, LLC
ccampbell@cla-law.net
mfrazier@cla-law.net
jrichardson@cla-law.net

*s/ Nicole R. Peterson*
Nicole R. Peterson