IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01583-PAB-NYW

CHATEAU VILLAGE NORTH CONDOMINIUM ASSOCIATION,
a Colorado corporation,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
a Wisconsin corporation,

    Defendant.

## ORDER

This matter is before the Court on defendant's Motion to Strike the Expert Opinions of Plaintiff's Expert Mr. Garth Allen [Docket No. 55].

## I. BACKGROUND

This case arises out of an insurance coverage dispute. Plaintiff is responsible for the operation, maintenance, preservation, and control of the Chateau Village North Condominiums ("Chateau Village Condos") in Boulder, Colorado. Docket No. 3 at 2, ¶ 4. Defendant provided insurance coverage to plaintiff pursuant to a one-year commercial property and liability policy effective February 1, 2013. *Id.*, ¶ 6. Following severe rainstorms in September 2013 in Boulder, on September 12, 2013 Chateau Village Condos sustained water damage. *Id.*, ¶ 8. Plaintiff made a claim under the policy. *Id.*, ¶ 9. On September 20, 2013, defendant denied plaintiff's claim. *Id.*, ¶ 10.

Plaintiff has designated Professor Garth Allen as an insurance expert to support

its breach of contract and bad faith claims. See Docket No. 55 at 2. Prof. Allen has written a report interpreting the policy and opining that the Condominium Enhancement Endorsement is not subject to the anti-concurrent causation clause in the policy. Docket No. 55-1 at 6-7. Prof. Allen also opines that defendant's conduct in investigating plaintiff's claim was unreasonable and contrary to insurance industry practices. *Id*. at 8-11. Finally, Prof. Allen opines that defendant's conduct satisfies the standards for claims of common law and statutory bad faith denial of insurance benefits. *Id*. at 11.

## II. FEDERAL RULE OF EVIDENCE 702

Rule 702 of the Federal Rules of Evidence provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. As the rule makes clear, while required, it is not sufficient that an expert be qualified based upon knowledge, skill, experience, training, or education to give opinions in a particular subject area. Rather, the Court must "perform[] a two-step analysis." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006). After determining whether the expert is qualified, the specific proffered opinions must be assessed for reliability. *See id.*; Fed. R. Evid. 702 (requiring that the testimony be "based on sufficient facts or data," be the "product of reliable principles and methods," and reflect a reliable application of "the principles and methods to the facts of the

2

case"). Where an expert relies on experience, the expert "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *United States v. Medina-Copete*, 757 F.3d 1092, 1104 (10th Cir. 2014) (quoting Fed. R. Evid. 702, advisory committee notes). In examining an expert's method, however, the inquiry should not be aimed at the "exhaustive search for cosmic understanding but for the particularized resolution of legal disputes." *Daubert*, 509 U.S. at 597. It is the specific relationship between an expert's method, the proffered conclusions, and the particular factual circumstances of the dispute that renders testimony both reliable and relevant.

While plaintiff, as the proponent of the challenged testimony, has the burden of establishing admissibility, the proffer is tested against the standard of reliability, not correctness; it need only prove that "the witness has sufficient expertise to choose and apply a methodology, that the methodology applied was reliable, that sufficient facts and data as required by the methodology were used and that the methodology was otherwise reliably applied." *Crabbe*, 556 F. Supp. 2d at 1221.

In sum, assuming an objection is properly made, expert testimony must be excluded if the expert is unqualified to render an opinion of the type proffered, if the opinion is unreliable, if the opinion will not assist the trier of fact, or if the opinion is irrelevant to a material issue in the case.

## III. ANALYSIS

Defendant challenges Prof. Allen's opinions on two grounds: (1) Prof. Allen's "opinions in Section 1 of his Report regarding the construction of the insurance policy to

3

include coverage for sewer back-up damages are legal opinions and therefore inadmissible"; and (2) Prof. "Allen's opinions in Sections 2, 3 and 4 of his Report are also inadmissible as a matter of law" because they are "his own factual conclusions based on his application of the available evidence to his own construction of the Policy." Docket No. 55 at 2-3. Defendant does not challenge Prof. Allen's qualifications.

### A. Prof. Allen's Policy Interpretation

Defendant argues that Prof. "Allen's construction of the policy language and resulting coverage opinion for sewer back-up are legal opinions" and are thus not helpful to the trier of fact. Docket No. 55 at 8. *See generally* Docket No. 55-1 at 4-9. Plaintiff does not dispute that contract interpretation is a legal question for the Court. *See* Docket No. 71 at 2. In its order on the parties' cross-motions for summary judgment, Docket No. 97, the Court construed the relevant portions of Section I.B of the policy, the anti-concurrent causation clause, and the Condominium Enhancement Endorsement. Accordingly, Prof. Allen may not offer any coverage opinions that are contrary to the Court's construction of the policy or offer an opinion that defendant's interpretation of the policy, to the extent adopted by the Court, was unreasonable. *See Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1101 (D. Colo. 2015) ("Under Colorado law, questions of coverage under an insurance policy are generally matters of law reserved for the court.") (citing *Fire Ins. Exch. v. Bentley,* 953 P.2d 1297, 1300 (Colo. App. 1998)).

### B. Prof. Allen's Reasonableness Opinion

Defendant contends that Prof. Allen's opinions regarding the reasonableness of

defendant's conduct in investigating and denying plaintiff's claims will not be helpful to the jury because they are based on his interpretation of the policy, which is incorrect. Docket No. 55 at 8; Docket No. 81 at 4-5. *See generally* Docket No. 55-1 at 9-11. Plaintiff, however, correctly notes that "[c]ourts in this jurisdiction have consistently allowed expert testimony regarding the reasonableness of an insurer's conduct in light of industry standards." Docket No. 71 at 4. Defendant replies that "[Prof.] Allen's opinions stated in his report establish that he has no opinions independent of his coverage opinions" and that "[p]laintiff identifies no specific, industry standard-based opinions of [Prof.] Allen that are independent of his coverage opinions." Docket No. 81 at 4.

The Court's practice standards require that a Rule 702 motion "shall identify with specificity each **opinion** the moving party seeks to exclude." Practice Standards (Civil Cases), Judge Philip A. Brimmer, § III.G (emphasis in original). The burden is on defendant to identify the specific opinions it seeks to exclude regarding the reasonableness of defendant's conduct in its investigation in relation to industry-based standards. Defendant, however, fails to direct the Court's attention to specific opinions it challenges. Moreover, a review of Prof. Allen's report reveals that he includes opinions not based solely on his construction of the policy. For example, Prof. Allen opines that American Family failed to consider physical and eyewitness testimony and instead relied on "general knowledge of a storm in the area, evidence of high water in the geographical area, and some physical evidence of water intrusion to deny the claim." Docket No. 55-1 at 8. Prof. Allen then asserts that "[t]he standard in the insurance industry is to devote at least as much energy, time, and attention to finding

5

ways to pay a claim as is devoted to finding a way to deny a [claim]," and ultimately opines that American Family's investigation in this case was "unreasonable and contrary to insurance industry standards." *Id*. These opinions regarding defendant's fact-finding investigation do not depend on Prof. Allen's policy interpretation. Because defendant fails to specifically identify opinions in Sections 2, 3, and 4 of Prof. Allen's report that arguably do not comply with Rule 702, the Court will deny defendant's motion to exclude such opinions. However, as previously discussed, Prof. Allen may not offer opinions that conflict with the Court's interpretation of the policy.

## IV. CONCLUSION

For the foregoing reasons it is

**ORDERED** that defendant's Motion to Strike the Expert Opinions of Plaintiff's Expert Mr. Garth Allen is **GRANTED** in part and **DENIED** in part.

DATED April 13, 2016.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge